UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALTAF KURBANALI KASOWADIA, *et al.*, § § *Plaintiffs*, § § v. § § OFFICER IN CHARGE DON WILLIS, *et al.*, § § *Defendants*. § | CIVIL ACTION H-12-1350 |

**ORDER**

Pending before the court is a motion for summary judgment filed by defendant United States of America ("USA"). Dkt. 12. The plaintiffs did not respond to the motion. After considering the motion and applicable law, the court is of the opinion that th motion should be GRANTED.

**I. BACKGROUND**

This is a food stamp case. Plaintiff Yam Standard Food Market ("Yam) and its owners, plaintiffs Altaf Kurbanali Kasowadia and Simi Altaf Kubanali Kasowadia, were cited by the United States Department of Agriculture ("USDA") on August 29, 2011, for violations of the Supplemental Nutrition Assistant Program ("SNAP"); they were subsequently permanently disqualified from participating in the program. Dkt. 1 (complaint); Dkt. 12, Ex. 3 (letter from USDA to Yam and the Kasowadias regarding SNAP violations). On September 22, 2011, Yam and the Kasowadias responded to the citation by advising that the Kasowadias had no personal knowledge of and were not personally involved in any of the alleged SNAP violations. Dkt. 12, Ex. 4. Yam and the Kasowadias sent another response on October 7, 2011, in which they again asserted that they had not personally committed any SNAP violations and had no knowledge of an alleged violations until receiving information about them from the USDA. Dkt. 1, Ex. B. Yam and the Kasowadias asserted

that they "d[id] not contest the validity of the alleged violations of the SNAP regulations by Yam Standard Food Market," but that they were unaware of them and "played absolute[ly] no role in committing the alleged violations." *Id.*

On October 19, 2011, the USDA issued an amended determination letter in which it stated that it had considered the letters submitted by Yam and the Kasowadias and had determined that (1) the violations occurred; and (2) Yam and the Kasowadias were ineligible for a civil monetary penalty in lieu of permanent disqualification because they did not submit evidence demonstrating that Yam had established and implemented an effective compliance policy and program to prevent violations of SNAP. Dkt. 1, Ex. E. Due to these findings, the USDA permanently disqualified Yam from SNAP. *Id.*

Yam and the Kasowadias appealed, and the USDA issued a final decision on March 28, 2012. Dkt. 1, Ex. F. In the final decision, the agency determined that there was sufficient evidence to support a finding that a permanent disqualification was properly imposed. *Id.* The agency noted that Yam and the Kasowadias argued that an employee inadvertently allowed ineligible items to be purchased without their approval and that they terminated that employee's employment to ensure that it did not happen again. *Id.* Yam and the Kasolwadias also argued that there were no previous violations and that permanent disqualification was thus too harsh of a penalty. *Id.* The agency stated first that the contention that an employee rather than the owners is responsible "cannot be accepted as a valid basis for dismissing any of the charges" as "the ownership is accountable for the proper handling of SNAP benefit transactions." *Id.* The agency reasoned that allowing store ownership to disclaim accountability "would render virtually meaningless the enforcement provisions of the Food and Nutrition act and the enforcement efforts of the USDA." *Id.* The agency next ruled that

2

terminating the alleged offending employee after the fact had no bearing on its decision with regard to permanent disqualification, which must be based on the circumstances at the time the original disqualification decision was made. *Id.* Finally, as far as the harshness of the penalty, the agency stated that section 2021 of the Food and Nutrition Act of 2008 does not allow for discretion in determining sanctions for trafficking and is specific that disqualification is permanent upon the first occasion of a disqualification based on trafficking by a store. *Id.*

Yam and the Kasowadias thereafter filed the instant complaint against Tom Vilsack, the U.S. Secretary of Agriculture, and Don Willis, the Officer-in-Charge of the USDA Field Office in Houston, Texas. Dkt. 1. Yam and the Kasowadias argue in their complaint that the decision to permanently disqualify them from SNAP is an abuse of discretion, arbitrary and capricious, lacks any rational basis in fact and law, and is a violation of due process. *Id.* Specifically, they state that the "punishment does not fit the violation." *Id.*

On September 11, 2013, the USA filed a motion for summary judgment in which it asserts that there is an absence of genuine issues of fact for trial as the plaintiffs cannot meet the burden of showing by a preponderance of evidence that the decision by the USDA is invalid.[1] Dkt. 12. The USA asserts that Yam and the Kasowadias were permanently disqualified pursuant to 7 U.S.C. § 2021(b)(3) and its implementing regulations and that it does not matter whether the trafficking was performed by the owners of the store or the store's employees. *Id.* As far as the argument that permanent disqualification in unfair, the USDA points out that Yam and the Kasowadias did not

---

[1] The USA claims that Vilsack and Willis are improper defendants. Dkt. 7 (answer). Vilsack and Willis did not join in the motion for summary judgment. *See* Dkt. 12.

provide any supporting documentation to show they were qualified for a monetary penalty as opposed to permanent disqualification. *Id.*

## II. LEGAL STANDARD

Yam and the Kasowadias did not file a response to the USA's motion for summary judgment. Under the Local Rules of the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4. The court therefore deems the motion for summary judgment unopposed.

"Cases arising under the Food Stamp Act, 7 U.S.C. §§ 2011 *et seq.*, may be resolved in the district court by summary judgment where there are no genuine issues of material fact." *Cullen Drive-In Grocery v. Block*, 778 F.2d 1141, 1142 (5th Cir. 1985). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id.*

"For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact

warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323-25.  To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting Fed. R. Civ. P. 56(e)).  When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant.  *Envl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).  A motion for summary judgment cannot be granted simply because it is unopposed.  *Sangi v. Fairbanks Capital Corp.*, 259 F. App'x 359, 361-62 (5th Cir. 2007); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995).  However, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence."  *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

### III. ANALYSIS

A district court's review of a sanction by an administrative agency is limited to whether the sanction was arbitrary and capricious." *Bordelon v. Block*, 819 F.2d 468, 471 (5th Cir. 1986).  Yam and the Kasowadias argue in their complaint that the decision to permanently disqualify them was arbitrary and capricious.  Dkt. 1.  However, under 7 U.S.C. § 2021(b)(3), a retail food store or wholesale food concern that violates a provision of SNAP may be permanently disqualified on

> the first occasion or any subsequent occasion of a disqualification based on the purchase of coupons or trafficking in coupons or authorization cards by a retail food store or wholesale food concern or a finding of the unauthorized redemption, use, transfer, acquisition, alteration, or possession of EBT cards, except that the Secretary shall have the discretion to impose a civil penalty of up to $20,000 for each

> violation . . . in lieu of disqualification under this subparagraph, for such purchase of coupons or trafficking in coupons or cards that constitutes a violation of the provisions of this chapter or the regulations issued pursuant to this chapter, if the Secretary determines there is substantial evidence that such store or food concern had an effective policy and program in effect to prevent violations of the chapter and the regulations . . . .

7 U.S.C. § 2021(b)(3). Under 7 C.F.R. §278.6(a), a disqualification based 7 C.F.R. §278.6(e)(1) shall be permanent. 7 C.F.R. §278.6(a). Section 278.6(e)(1) notes that disqualification shall be permanent if a firm has "trafficked as defined in § 271.2." 7 C.F.R. §278.6(e)(1)(I). Section 271.2 defines "trafficking" as, among other things,

> The buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits issued and accessed via Electronic Benefit Transfer (EBT) cards, card numbers and personal identification numbers (PINs), or by manual voucher and signature, for cash or consideration other than eligible food, either directly, indirectly, or complicity or collusion with others, or acting alone . . . .

7 C.F.R. § 271.2. Here, there is sufficient evidence that some individual at Yam was trafficking, and neither Yam nor the Kasowadias provided any reliable evidence to the USDA or this court indicating that they had an effective policy and program to prevent violations of SNAP. Simply terminating the employment of the employee who allegedly was responsible for the trafficking after the fact is not an effective policy for stopping the offensive conduct in the first instance. The action of the administrative agency cannot be said to be arbitrary and capricious. Therefore, there is no genuine issue of fact for trial, and the USA's motion for summary judgment is GRANTED.

## IV. CONCLUSION

The USA's motion for summary judgment (Dkt. 12) is GRANTED. All of Yam and the Kasowadias' claims against the USA are hereby DISMISSED WITH PREJUDICE. Yam's claims against Willis and Vilsack, which are identical to the claims against the USA, are likewise DISMISSED WITH PREJUDICE. *Cf. Ducksworth v. City of Laurel*, No. 2:10-cv-177-KS-MTP, 2012 WL 1345356, at #2 n.7 (S.D. Miss. Apr. 5, 2012).

Signed at Houston, Texas on October 15, 2013 .

_____
Gray H. Miller
United States District Judge